UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>V. )<br>)<br>JIMMY ELLIOTT, JR., )<br>)<br>Defendant. ) | Criminal Action No. 6: 06-101-DCR<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant Jimmy Elliott, Jr. is currently serving a 160-month term of imprisonment as a result of his involvement in a conspiracy to distribute marijuana. [Record No. 147] From 2003 through September 2005, Elliott conspired with several others (including his father and uncle), to bring marijuana into Southeastern Kentucky from Chicago, Illinois and Tampa, Florida. Elliott was a leader of the conspiracy and was responsible for the bulk of the distribution, generally selling one pound quantities from a garage. [Record No. 144, pp. 2–4] On September 26, 2005, law enforcement executed a search warrant at the garage. From November 2014 until the time of garage was searched, Elliott estimated that he had obtained and sold approximately 2,400 pounds of marijuana.

Elliott suspended his distribution activities for a short time. However, in early 2006, another source of supply for the conspiracy was developed in Texas. On December 14, 2006, law enforcement executed a search warrant on Elliott's residence where they recovered multiple bags of marijuana and a handgun. A search of the Elliott garage also revealed

additional amounts of marijuana and multiple firearms. On March 1, 2007, a twenty-two count Superseding Indictment was brought against Elliott and four other defendants. [Record No. 75] Thereafter, Elliott entered a guilty guilty to the drug conspiracy. [Record No. 101] In total, approximately 3,000 pounds of marijuana was attributed to Elliott. [Record No. 144, p. 5]

This matter is pending for consideration of Elliott's motion to reduce his term of imprisonment under 18 U.S.C. § 3582(c)(2). [Record No. 298] He requests a two-level reduction in his sentence as a result of recent changes to the United States Sentencing Guidelines. In support of his motion, Elliott has provided an Official Transcript of GED Test Results and Inmate Skills Development Plan Progress Report. [Record No. 298-1] These documents have been considered in evaluating the current motion. However, for the reasons outlined below, the motion will be denied.[1]

Elliott's Base Offense Level was calculated as 32 under the 2006 guidelines. [Record No. 171, pp. 10–13] He received a two-level increase for possession of a dangerous weapon during the offense, a four-level increase for his leadership role, and a three-level reduction for acceptance of responsibility. As a result, his Total Offense Level was 35 and his non-binding guideline range of imprisonment was 168 to 210 months, with a statutory mandatory minimum term of imprisonment of 120 months. The United States moved for a downward departure pursuant to U.S.S.G. § 5K1.1 based on assistance provided to law enforcement.

---

1   The defendant previously moved twice for the appointment of counsel in this matter. [Record Nos. 279, 285] The Court considered and denied the defendant's requests and noted that a hearing is not necessary in proceedings filed under 18 U.S.C. § 3582(c)(2). [Record Nos. 280, 286]

During the sentencing hearing held on June 18, 2007, Elliott's attorney argued for a sentence reduction based on the defendant's lack of substantial criminal record, youth (24 years), family responsibilities, and assistance to law enforcement. [Record No. 171, pp. 20–21] In determining the proper sentence, the Court considered the defendant's argument, together with all relevant factors under 18 U.S.C. § 3553. The Court's analysis included consideration of the seriousness of the offense, the personal history and characteristics of the defendant, Elliott's acceptance of responsibility, his assistance to law enforcement, as well as specific and general deterrence. Based on the defendant's role in the offense as well as his continued drug activity following his initial arrest, the Court started its analysis at 205 months. However, as a result of the assistance provided in connection with the United States' 5K1.1 motion, the Court departed 45 months, resulting in a total term of imprisonment of 160 months. [Record No. 171, pp. 24–25] A lower sentence was not warranted.

The undersigned continues to believe that the sentence originally imposed is not greater than necessary to meet all statutory goals and objectives of 18 U.S.C. § 3553(a). Despite the absence of a substantial criminal record, Elliott demonstrated an utter lack of respect for the law by continuing his criminal actions after his initial arrest in September 2005. He was a leader in an extensive conspiracy to distribute extremely large amounts of marijuana in the District. This activity also involved the defendant's father and uncle. Thus, a sentence reduction would not provide specific deterrence to Elliott or general deterrence to others inclined to participate in similar criminal conduct.

Additionally, even though Elliott has provided the Court with information detailing his progress since his incarcerated [Record No. 298-1], a sentence reduction would unduly diminish the seriousness of his criminal conduct. He has already received a downward departure as a result of the government's 5K1.1 motion. A further reduction is not warranted under the circumstances presented. Accordingly, it is hereby

**ORDERED** that Defendant Jimmy Elliott, Jr.'s motion for a reduced sentence pursuant to 18 U.S.C. § 3582(c)(2) [Record No. 298] is **DENIED**.

This 15th day of June, 2015.

Signed By:
*Danny C. Reeves* DCR
United States District Judge